# UNITED STATES DISTRICT COURT

## DISTRICT OF NEBRASKA

### (OMAHA DIVISION)

NKOSI, INC., (a Nebraska corporation),
and
JOHN WAYS, [].,
*Petitioners,*

-vs-

UNITED STATES OF AMERICA;
THE CHIEF U.S. PROBATION OFFICER FOR THE DISTRICT OF NEBRASKA,
Robert V. Denny Federal Building and U.S. Courthouse
100 Centennial Mall North, Room 530
Lincoln, NE 68508-3803
*Respondents.*

Case No.: _____

**Case associated with and In Regards to:   8:12-cr-00391**

# PETITION FOR WRIT OF HABEAS CORPUS AD SUBJICIENDUM;

# PETITION FOR WRIT OF ERROR CORAM NOBIS;

# AND, IN THE ALTERNATIVE, PETITION UNDER THE ALL WRITS ACT, 28 U.S.C. § 1651(a)

Petitioners NKOSI, INC., (a Nebraska corporation), and John Ways, []., by Special Appearance and never by General Appearance, respectfully submit this combined Petition, asserting jurisdictional defects, constitutional violations, violations of the Federal Register Act, and a fundamental miscarriage of justice. Petitioners expressly state and clarify that **neither NKOSI, INC., nor Petitioner is a "sovereign citizen," nor signaling, nor insisting on any such status.**

## I. JURISDICTION AND VENUE

This Court has jurisdiction under: - **28 U.S.C. § 2241** (Habeas Corpus for persons in federal custody, including supervised release); - **28 U.S.C. § 1651(a)** (All Writs Act); - **The Court's Inherent Power to Issue Writs of Error Coram Nobis** (*United States v. Morgan*, 346 U.S. 502 (1954)).

Petitioner **remains in federal custody** by virtue of ongoing supervised release in Lincoln, Nebraska. Venue is proper in this District because: - The conviction arose within the District of Nebraska for Case No.: **8:12-cr-00391**; - The alleged unconstitutional acts, suppression of controlling regulations, and violations of law occurred within Nebraska; - Supervision is administered within Nebraska.

This matter is likely to be appealed to the **United States Court of Appeals for the Eighth Circuit**, and Petitioners therefore preserve all issues in conformity with Eighth Circuit standards.

## II. REAL PARTY IN / OF INTEREST

Petitioners NKOSI, INC., (a Nebraska corporation), and John Ways, []., are the **Real Parties In or Of Interest**, as they are the persons and entity directly affected by the unconstitutional acts, illegal warrant(s), and violations of the C.F.R.'s and Federal Register Act.

Petitioners assert their rights under: - **The Constitution of the United States**, including the First, Fourth, Fifth, and Fourteenth Amendments; - **The Constitution of the State of Nebraska**—including the right to petition the government for redress of grievances.

Petitioners appear by **Special Appearance only**, not General Appearance, and assert the right to a fair and impartial hearing where the law is applied and constitutionally required judicial notice is taken.

**Legal Standard:**
"To be a real party of interest, a plaintiff must assert his own legal rights and interests, and cannot rest [a] claim on the rights of third parties ... [and] the claim must fall within the 'zone of interests.'" *Coyne v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999), quoted in *DeLuca v. Amica Mut. Ins. Co.*, 119 F. Supp. 3d 611 (E.D. Mich. 2015).

## III. STATEMENT OF RELEVANT FACTS

### A. Brady and Giglio Violations (Suppression of Exculpatory and Impeachment Evidence)

Petitioners assert that the prosecution intentionally committed violations under *Brady v. Maryland,* 373 U.S. 83 (1963), by failing to disclose exculpatory evidence demonstrating that the substances involved were **not scheduled** during the period of alleged conduct (July–September 2012). The prosecution further violated *Giglio v. United States,* 405 U.S. 150 (1972), by suppressing or withholding impeachment material that would have shown the prosecution's affirmative misstatements of law regarding scheduling status. Professional behaviour known to be insidious.

The government actually created, and possessed, or through due diligence should have possessed, the actual Federal Register scheduling

affirmatively represented false scheduling dates and legal status to the jury. This suppression and misrepresentation materially influenced the outcome of trial and prevented Petitioners from receiving due process.

## B. Predicate Substance Defect – Fraud Regarding alpha-PVP Scheduling

As to **Count 1** and NKOSI, INC., the government improperly and with something akin to malice, relied on **alpha-PVP** as a predicate controlled substance, despite the fact that **alpha-PVP** was **not** scheduled as a Schedule I controlled substance during the time period alleged. The prosecution's insistence that **alpha-PVP** was Schedule I constituted: - Affirmative misstatement of fact, - Affirmative misstatement of law, - Suppressio veri (suppression of the truth), - Suggestio falsi (suggestion of falsehood), - Fraud upon the Court (*United States v. Throckmorton*, 98 U.S. 61 (1878); *United States v. Marshall Silver Mining Co.*, 129 U.S. 579 (1889)).

A conviction premised on a **legally impossible predicate substance** is void and constitutes actual innocence.

## C. Extraterritorial Warrant – Total Absence of Jurisdiction

The Magistrate Judge of the District of Nebraska lacked all authority and jurisdiction to issue a warrant for a search to be executed in **Council Bluffs, Iowa**, located within the **Southern District of Iowa**. Federal jurisdiction is strictly territorial.

Authority: - "**The jurisdiction of one district court is foreign to that of another, and jurisdiction in rem cannot be exercised beyond its territorial limits.**" *Hanover National Bank v. Max Moyses*, 46 L. Ed. 1113 (1902). - "**A Federal Court in one state cannot bring into its jurisdiction property in another state.**" *Booth v. Clark*, 17 How. 322; 15 L. Ed. 164. - "**The jurisdiction of a circuit court is limited to its own district; its process does not run outside of its district; and it has authority only over persons and property found therein.**" *Standard Oil Co. of New Jersey v. United States*, 55 L. Ed. 619 (1911).

Therefore, the warrant is **void ab initio**, and all evidence derived therefrom constitutes fruit of the poisonous tree.

4

## A. The Illegal Warrant and Jurisdictional Overreach

A U.S. Magistrate Judge of the District of Nebraska willfully authorized a search warrant to be executed **outside the lawful jurisdiction of Nebraska**, in **Council Bluffs, Iowa**, located in the **Southern District of Iowa**. This extraterritorial warrant lacked jurisdictional authority and is void.

The illegal warrant was issued **but for** the failure to comply with the **Federal Register Act**, and the courts' failure to take judicial notice of controlling Federal Register publications.

## B. Federal Register Act Violations

The government then and continuing to this very day willfully and intentionally failed to apply, disclose, or acknowledge the following duly promulgated regulations:

1. **78 Fed. Reg. 664 (Jan. 4, 2013)** – Establishment of Drug Codes for 26 Substances.

2. **78 Fed. Reg. 21818 (Apr. 12, 2013)** – Placement of Methylone into Schedule I.

3. **82 Fed. Reg. 12171 (Mar. 1, 2017)** – Placement of 10 Synthetic Cathinones into Schedule I.

These rules were properly codified in **21 C.F.R. Part 1308 (2014 edition and thereafter)**.

However, none of these regulations were in effect during the alleged period of conduct as was specifically set out by the government's charging document.
**July 9, 2012 – September 13, 2012.**

The prosecution incorrectly insisted that **all listed compounds were Schedule I during 2012**, which was legally false.

## C. Dissolution of NKOSI, INC. Before Trial

The Nebraska Secretary of State, **John Gale**, formally dissolved NKOSI, INC., on **April 16, 2014**, *months before the August 2014 trial began*.

A dissolved corporation cannot be placed before the bar of a criminal court. It is a legal impossibility.

# IV. LEGAL STANDARDS

## A. Brady and Giglio Standards

- **Brady v. Maryland**, 373 U.S. 83 (1963): The government must disclose all exculpatory evidence relevant to guilt or punishment.
- **Giglio v. United States**, 405 U.S. 150 (1972): Requires disclosure of impeachment material, including evidence contradicting government witnesses or government representations.
- Suppression of the true scheduling status of the substances at issue, and suppression of effective dates from the Federal Register, constituted violations of **Brady** and **Giglio.**

## B. Fraud Standards Relevant to Actual Innocence

- Fraud consists of **suppression of the truth (suppressio veri)** or **assertion of falsehood (suggestio falsi)**. **Ladd v. Ladd**, 12 L. Ed. 967; 8 How. 10.
- **"A fraud is a fraud and a lie is a lie."** **United States v. Chaika**, 695 F.3d 741 (8th Cir. 2012).
- Fraud upon the court renders judgments void. **Throckmorton, Marshall Silver Mining Co.**

## C. Federal Register Act and Judicial Notice Requirements

**Federal Register Act – 44 U.S.C. §§ 1501–1511**

- **44 U.S.C. § 1507:** Publication in the Federal Register constitutes **legal notice to all persons and courts**.
- Courts are **charged with knowledge** of properly promulgated regulations. See:
    - o **Hotch v. United States**, 212 F.2d 280 (9th Cir. 1954);

6

  - *United States v. Aarons*, 310 F.2d 341 (2d Cir. 1962).
- "[O]ur duty to take judicial notice of the Federal Register is congressionally mandated." *United States v Gotchnik*, May 11, 2000, 222 F.3d 506, U.S. App. LEXIS 21081; 31 ELR 20012; quoted from *United States vs. Gotchnik*, 1995 U.S. Dist. LEXIS 22731.

Failure to apply controlling regulations violates **Fifth Amendment Due Process**.

### Miscarriage of Justice Standard

A fundamental miscarriage of justice exists where: - "**A constitutional violation has likely resulted in the conviction of one who is actually innocent.**"
*Schlup v. Delo*, 513 U.S. 298, 327 (1995).

"**Actual innocence means factual innocence, not mere legal insufficiency.**"
*Bousley v. United States*, 523 U.S. 614, 623 (1998).

Where the statutory or regulatory basis for conviction was legally inapplicable during the time of the alleged conduct, a **miscarriage of justice** is present.
See *United States v. Jones*, 758 F.3d 579 (4th Cir. 2014).

# V. ARGUMENTS

## A. Actual Innocence (Legal and Jurisdictional)

Petitioners assert **actual innocence** because: - The substances at issue (JWH-018, JWH-205, JWH-122, JWH-203, AM2201, **alpha-PVP**, MDPV, **Methylone**) were **not legally scheduled** under federal law during July–September 2012. - The government repeatedly and affirmatively misstated their scheduling status. - No analogue theory by the government was ever raised; the prosecution affirmatively and fraudulently insisted they were already Schedule I.

7

Thus, it was **legally impossible** for Petitioners to violate a law that did not exist.

## B. Constitutional and Procedural Violations

- The warrant executed outside the issuing district was **void ab initio**.
- The government failed to comply with the Federal Register Act.
- The courts failed to take the required mandatory judicial notice of controlling regulations.

These defects are **jurisdictional**, not procedural.

## C. Dissolved Corporation Cannot Be Prosecuted

By the time trial began in August 2014, NKOSI, INC. had been dissolved for four months by Dan Gale the Secretary of State for The State of Nebraska. No one from the Opposition even bothered to try to have the corporation reissued or reconstituted in order to bring any type of Civil or Crimnal charges as would be required under State of Nebraska law. A dissolved corporation is a legal non-entity and cannot be prosecuted.

# VI. REQUEST FOR RELIEF

In addition to the previously and underlying stated relief, Petitioners further request that **NKOSI, INC., (a Nebraska corporation), and John Ways, []., each individually and separately be made financially whole**, to include restitution for all financial losses, property losses, seized assets, loss of business, loss of income, and all collateral financial harms, **calculated at today's financial values**, and **with interest applied at the Prime Rate beginning in 2016**. Such monetary redress is warranted due to constitutional violations, jurisdictional defects, fraud upon the court, and the insidious suppression of exculpatory evidence. Petitioners respectfully request: 1. Issuance of a **Writ of Habeas Corpus ad Subjiciendum** Ordering Respondents to justify continued custody/supervision; 2. In the alternative, issuance of a **Writ of Error Coram Nobis** correcting fundamental jurisdictional defects; 3. Or, in the further alternative, relief under the **All Writs Act, 28 U.S.C. § 1651(a)**; 4. A finding of **Actual**

**Innocence**; 5. Vacatur of judgment and sentence in Case No. **8:12-cr-00391**; 6. Immediate termination of supervised release; 7. Any additional relief the Court deems just and proper.

## VII. SPECIAL APPEARANCE AND COUNSEL

Petitioner appears **by Special Appearance only**, not General Appearance.
Counsel assisting:
**James Hamilton, Attorney at Law**
8600 Executive Woods Drive, Suite 200,
Lincoln, Nebraska 685012-4501

## VERIFICATION

I, **John Ways, []**., declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: 17 December 2025

Signature: _____

Printed Name: John Ways, [].

2511 Bretigne Circle

Lincoln, Nebraska  68512