IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NKOSI, INC., a Nebraska corporation; and JOHN WAYS,<br><br>          Petitioners,<br><br>     vs.<br><br>UNITED STATES OF AMERICA, and CHIEF U.S. PROBATION OFFICER FOR THE DISTRICT OF NEBRASKA,<br><br>          Respondents. | **4:26CV3007**<br><br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on NKOSI, Inc. and John Ways's Petition for Writ of Habeas Corpus.  Filing No. 1.  For the reasons stated herein, the Court lacks jurisdiction over the motion and denies it.

## I.    BACKGROUND

John Ways was convicted after a jury trial of conspiracy to sell drug paraphernalia, conspiracy to distribute and possession with intent to distribute a Schedule I controlled substance, money laundering, and felon in possession of ammunition.  Filing No. 623 (judgment) in *United States of America v. John Ways, Jr.*, Case No. 8:12cr391.  He was sentenced to concurrent terms of imprisonment of 36 months, 180 months, 180 months, and 120 months.  *Id.*  He filed a motion under 28 U.S.C. § 2255, which the Court denied on February 21, 2023.  Filing No. 986 in Case No. 8:12cr391.

Counsel filed the present petition on behalf of NKOSI, Inc.  *See* Filing No. 1 at 9.  John Ways is listed as a pro se co-petitioner.  *Id.* at 1, 9.  NKOSI was the company used by Ways in conjunction with his money laundering charge.  *See* Filing No. 986 at 6 in Case No. 8:12cr391.  Although not entirely clear, it appears the Petition alleges that *Brady*

1

violations, an improper warrant, and legal issues related to drug classification merit reversing Ways's conviction and restoring money to NKOSI. *See* Filing No. 1 at 6–8. NKOSI was a party to the criminal forfeiture proceedings. *See* Filing No. 155 in Case No. 8:12cr391. In the criminal case, the Court disregarded NKOSI's corporate entity and regarded it instead as an alter ego of Ways, which finding the Eighth Circuit Court of Appeals affirmed. *See* Filing No. 717 in Case No. 8:12cr391. Accordingly, upon conclusion of the forfeiture of assets, the Court closed the criminal case against NKOSI. *See id.*

## II.    ANALYSIS

Ways and NKOSI have now filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate the sentence imposed on Ways based on alleged defects in the underlying criminal case. *See generally* Filing No. 1.

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011).

Under the Rules Governing Section 2255 Proceedings for the United States District Courts, the court must perform an initial review of the defendant's § 2255 motion. *See* 28 U.S.C. § 2255, Rule 4(b). "The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of

2

prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

The Court conducts its initial review as to each of the two named Petitioners separately.

### A. NKOSI

NKOSI is not "[a] prisoner in custody under sentence." 28 U.S.C. § 2255(a). Rather, it is a corporate entity which was determined to be the alter ego of John Ways in the criminal case.  The case against NKOSI was dismissed once its property was forfeited.  NKOSI was not convicted or sentenced.  Accordingly, NKOSI does not fall within the ambit of 28 U.S.C. § 2255, and the Court is without jurisdiction to hear its petition.

### B. Ways

As to Ways, the Court also cannot hear his petition, but for different reasons.

The Court cannot entertain a "second or successive" § 2255 motion absent a certification from the Court of Appeals verifying that the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2244(b)(3) & 2255(h).  Without pre-approval from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or

3

successive § 2255 motion.  *See Boykin v. United States*, 242 F.3d 373, 2000 WL 1610732, at *1 (8th Cir. 2000).

Ways previously filed a motion under § 2255 in his criminal case which this Court denied.  Filing No. 986 in Case 8:12cr391.  The Eighth Circuit Court of Appeals affirmed the denial.  Filing No. 1006 in Case 8:12cr391.  Ways does not have authorization from the Eighth Circuit to file a successive § 2255 motion.  Accordingly, this Court lacks jurisdiction over his petition.

### C.  Certificate of Appealability

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements codified at 28 U.S.C. § 2253(c).  *Jones v. Delo*, 258 F.3d 893, 900–01 (8th Cir. 2001).  The court may grant a certificate of appealability only where the movant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The movant must show "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432, (1991) (per curiam)); *see also Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

As explained in detail above, the Court is without authority to decide the present motion as to either Petitioner.  No reasonable jurist could debate the Court's lack of jurisdiction.  The Court therefore declines to grant a certificate of appealability in this case.

4

**III.     CONCLUSION**

For the foregoing reasons, it plainly appears from the motion and record of prior proceedings that Petitioners are not entitled to relief under 28 U.S.C. § 2255. Accordingly, the motion is dismissed on initial review.

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus, Filing No. 1, is denied.

2. No certificate of appealability will issue.

3. The Court will enter a separate judgment.


Dated this 6th day of February, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge